IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AMIT SHARMA, | * | |
|    Plaintiff, | * | |
| v. | * | Civil No. JKB-12-CV-2269 |
| HOWARD COUNTY, MARYLAND, *et al.* | * | |
|    Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND
THE RULE 26(e) DISCLOSURE DEADLINE (ECF No. 49)**

Defendants oppose the Plaintiff's motion because it does not establish good cause for extending the deadline to supplement his expert report under the current schedule.

1.  Under the Court's fourth scheduling order and by operation of Federal Rule 6, the deadline to supplement expert reports pursuant to Federal Rule 26(e)(2) was March 31, 2014 (ECF Nos. 41, 47).

2.  The Defendants timely supplemented their initial expert disclosure of February 24, 2014.

3.  The Defendants are filing contemporaneously with this Opposition their Motion to Strike Plaintiff's Expert Witness Disclosure of March 24, 2014 (ECF No. 50), and incorporate that Motion herein by reference as the grounds and authorities for their objection to the Plaintiff's motion for more time to supplement his March 24th disclosure. Although March 24th was the Plaintiff's rebuttal expert deadline, the disclosure he made contains no rebuttal evidence but only purported case-in-chief evidence from an expert that the Plaintiff withdrew as a case-in-chief expert.

4. As set forth fully in the Defendant's Motion to Strike, the electronic information that Plaintiff supposedly still needs has always been in his possession or was made available to him long ago. Plaintiff's request for more time now is due to his own actions and inaction rather than a lack of access. In the fall of 2013, the Defendants offered the information to the Plaintiff under a proposed redaction methodology and the Plaintiff was going to consult his expert concerning whether the methodology would be satisfactory for the expert's needs. If the methodology was not acceptable, then a court approved agreement regarding the handling of privileged and irrelevant information would be necessary. Instead of responding to the Defendants' proposal, the Plaintiff withdrew that expert for his case-in-chief in January 2014 and did not follow up with the Defendants about electronic evidence until the last week of March. In the interim, the Defendants had made their initial expert disclosure on February 24, 2014, and the Plaintiff had made his purported expert disclosure on March 24, 2014, which was a new date that the Court had granted based upon the Plaintiff's representation that he needed only seven more days to make his rebuttal and supplemental disclosures (ECF Nos. 41, 44, 46, 47).

5. Plaintiff's request is also objectionable because it is open-ended with regard to duration and it seeks to expand the scope of his discovery requests from his first request for production and the information examined by the Defendants' experts to Defendant Howard County's "computer systems." Further, the Court previously substantially cut back on the Plaintiff's request for a fourth scheduling order and, under all the circumstances, he has failed to establish good cause for a fifth scheduling order in this case that has now been pending for almost two years.

WHEREFORE, for the foregoing reasons, the Defendants respectfully request that the Plaintiff's Motion be denied.

                                  Respectfully Submitted,

                                  HOWARD COUNTY OFFICE OF LAW

                                  MARGARET ANN NOLAN
                                  County Solicitor

Date: April 1, 2014                                   /s/
                                  David R. Moore, Esq., Bar No. 26602
                                  Gary W. Kuc, Esq., Bar No. 23565
                                  Senior Assistant County Solicitors
                                  Carroll Building
                                  3450 Court House Drive
                                  Ellicott City, Maryland  21043
                                  410.313.2104
                                  410.313.3292 (facsimile)
                                  dmoore@howardcountymd.gov
                                  gkuc@howardcountymd.gov
                                  Counsel for Defendants

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of April, 2014, a copy of the foregoing Defendants' Opposition to Plaintiff's Motion to Extend the Rule 26(e) Disclosure Deadline was served electronically on counsel of record in accordance with the Court's CM/ECF System.

                                                  /s/
                                  Gary W. Kuc, Esq., Bar No. 23565