IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AMIT SHARMA, | * |
|     Plaintiff | * |
| v. | * |
| |    CIVIL No. JKB-12-2269 |
| HOWARD COUNTY, *et al.* | * |
|     Defendants. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Presently pending before the Court is Defendants' motion to strike Plaintiff's expert witness disclosure (ECF No. 50). Having carefully considered the arguments of counsel in their filings with regard to this motion (ECF Nos. 50, 54, and 58), the motion is DENIED. Further, upon reconsideration, Plaintiff's motion for extension of time (ECF No.49) is GRANTED and the Court's prior order (ECF No. 52) is VACATED.

The issue now before the Court stems from Plaintiff's disclosure of Stephen Windsor as a computer expert on March 24, 2014. ( ECF No. 50-6.) While Plaintiff appears to have initially identified Mr. Windsor as a case-in-chief expert (*see* ECF No. 50 at 1), he now concedes that "Mr. Windsor's designation should be solely for rebuttal purposes." (ECF No. 54 at 1.) In light of this concession, the Court finds that Plaintiff's disclosure of Mr. Windsor, *as a rebuttal expert*, was timely. Further, having noted Defendants' argument that the disclosure lacks the essential content required by Fed. R. Civ. P. 26(a)(2) (*see* ECF Nos. 50 at 49, 51-52 and 58 at 2), the Court nonetheless concludes that striking Plaintiff's *rebuttal* expert witness disclosure is not justified. The Court emphasizes, however, that should Mr. Windsor testify at trial, it will be

as a *rebuttal expert* and his testimony shall therefore be limited in scope not only by the content of his expert testimony disclosure but also by the testimony of Defendants' expert witnesses.

Further, in light of this ruling, the Court grants Plaintiff's motion for extension of time (ECF No.49) to the limited extent that Defendant shall have until June 4, 2014 to file his Rule 26(e)(2) supplemental disclosure with regard to Mr. Windsor. However, in granting Plaintiff's motion for an extension of time (ECF No. 49), the Court is *not* granting Plaintiff additional time to examine Defendants' computer systems and hardware. Plaintiff has been dilatory in responding to the redaction protocol for the inspection of electronic data that Defendants proposed months ago, in the fall of 2013. Despite three extensions granted by the Court (ECF Nos. 35, 41, and 47), the discovery deadline has now passed and with it the timeframe for Mr. Windsor's examination of Defendants' computer systems and hardware.[1]

Dated this 21st day of May, 2014.

                                                                       BY THE COURT:

                                                                 /s/
                                                    James K. Bredar
                                                    United States District Judge

---

[1] However, to the extent Defendants require an extension to schedule a deposition of Mr. Windsor, the Court is willing to consider a motion to that effect.